UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YOANDY FERNANDEZ-MORALES,<br><br>                     Plaintiff,<br><br>    v.<br><br>GAZZINI, *et. al.*,<br><br>                     Defendants. | Case No. 3:23-CV-00124-MMD-CLB<br><br>**ORDER VACATING CASE MANAGEMENT CONFERENCE AND DENYING MOTION FOR INTERPRETER** |

On January 22, 2024, the Court set a mandatory case management conference ("CMC") in this case. (ECF No. 24.) The CMC was set for February 8, 2024. (*Id.*) The Court has reviewed Defendants' case management report, (ECF No. 36), and finds that a case management conference is no longer necessary in this action.

Accordingly, **IT IS ORDERED** that the CMC set for February 8, 2024, is hereby **VACATED**. The Court will issue a scheduling order in due course.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a Spanish translator for purposes of the CMC, (ECF No. 31), is **DENIED as moot**.[1]

**IT IS FURTHER ORDERED** that the Clerk shall **RESEND** ECF Nos. 29, 30, and 31 to Plaintiff at the address listed on the Docket.

**IT IS SO ORDERED.**

**DATED**: January 29, 2024  .

                                                          **UNITED STATES MAGISTRATE JUDGE**

---

[1]    Although Plaintiff's motion is denied as moot in this instance, the Court notes that requests for an interpreter in this action will likely be denied as Fed. R. Civ. P. 43 does not authorize the court to appoint interpreters for litigants in civil cases for the purpose of translating the overall proceeding. *See Loyola v. Potter*, 2009 WL 1033398, at \*2 (N.D. Cal. April 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases . . . ."); *Hale v. Vacaville Housing Authority*, 2010 WL 318375, at \*2 (E.D. Cal. 2010). ("[P]laintiff has not shown that this court has the authority to appoint her an interpreter.").