UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YOANDY FERNANDEZ-MORALES,<br><br>Plaintiff,<br><br>v.<br><br>GAZZINI, *et al.*,<br><br>Defendants. | Case No. 3:23-CV-00124-CLB<br><br>**ORDER RE: MOTION TO SUBSTITUTE AND IDENTIFY UNSERVED DEFENDANTS**<br><br>[ECF No. 19] |

On December 26, 2023, Defendants filed their notice of acceptance of service and stated they could not accept service on behalf of Defendant Gregory Martin as he is deceased and that after reasonable inquiry, they could not identify Defendants "Gazzini" or "B. Robinson". (ECF No. 18). Thus, on December 28, 2023, Plaintiff filed a motion to substitute Defendant Martin and to identify unserved defendants "Gazzini" and "B. Robinson". (ECF No. 19.) Defendants opposed the motion, (ECF No. 20), and Plaintiff replied, (ECF No. 25). For the reasons discussed below, the motion is granted in part and denied in part.

First, as to Defendant Gregory Martin, the motion to substitute is granted, insofar as the Court orders that a motion for substitution must be filed by Monday, May 6, 2023. Pursuant to Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Therefore, if a motion for substitution by the decedent's successor or representative is not filed on or before **May 6, 2024**, Defendant Gregory Martin must be dismissed from this action.

Next, as to Defendants "Gazzini" and "B. Robinson", Plaintiff's motion is denied. Plaintiff's motion is asking that the Court order the Office of the Attorney General to take

additional steps to identify these unserved defendants. However, the OAG has represented to the Court that it has already undertaken a reasonable inquiry in an attempt to identify these defendants but was unable to do so. (*See* ECF No. 18 at 1.) In this Court's order regarding service, (ECF No. 15), the Court instructed Plaintiff that if service cannot be accepted for any of the named defendants, <u>Plaintiff</u> must file a motion identifying the unserved defendants, including specifying a full name and address for the defendants. (*Id.* at 2.) Thus, to the extent Plaintiff requests that <u>Defendants</u> identify these defendants, this is an improper request. If Plaintiff can identify these defendants during the course of discovery, he may file a motion for service with a full name of these defendants. Plaintiff is reminded that he must perfect service by March 5, 2024, pursuant to Fed. R. Civ. P. 4(m).

Consistent with the above, Plaintiff's motion to substitute, (ECF No. 19), is granted in part and denied in part, such that:

**IT IS ORDERED** that a motion to substitute by the decedent's successor or representative is due on or before **May 6, 2024**, and if such a motion is not filed, Defendant Martin will be dismissed from this action.

**IT IS FURTHER ORDERED** that Plaintiff must effectuate service of Defendants "Gazzini" and "B. Robinson" by **March 5, 2024**, and if service is not perfected by this date, these defendants will be dismissed pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

**DATED**: February 6, 2024.

**UNITED STATES MAGISTRATE JUDGE**