UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YOANDY FERNANDEZ-MORALES,<br><br>                       Plaintiff,<br><br>v.<br><br>GAZZINI, *et al.*,<br><br>                       Defendants. | Case No. 3:23-cv-00124-CLB<br><br>**ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION AND DENYING MOTION FOR ISSUANCE OF SUMMONS**<br><br>[ECF Nos. 57, 58] |

      On March 20, 2024, Plaintiff Yoandy Fernandez-Morales ("Plaintiff") filed a document entitled, "Request for Judicial Notice." (ECF No. 51.) This document, which was not filed in relation to any other pending motion or document on the docket, was improperly filed in violation of the Local Rules for the District of Nevada as well as General Order 2021-5. Accordingly, on that same day, the Court entered an order striking this improperly filed document from the record. (ECF No. 52.) Plaintiff has now filed a motion for partial consideration of the order striking the improperly filed "Request for Judicial Notice." Having reviewed the motion, the Court denies this motion. (ECF No. 57.)

      In order to grant a motion to reconsider, the party seeking reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence, (2) has committed clear error, or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

      Plaintiff's motion for partial reconsideration fails to provide any valid reason for the Court to reconsider its prior order and fails to establish that the Court's prior order was

entered in violation of the law or facts of this case. To the contrary, as noted in the Court's order striking Plaintiff's "Request for Judicial Notice," this filing was improper and filed in violation of the Court's General Order 2021-05.

The Court is aware of Plaintiff's pro se status and that he is relying on assistance from other inmates in this case. Moreover, the Court has been lenient with Plaintiff as a pro se party. However, Plaintiff is advised that his conduct in this case thus far in filing frivolous and otherwise improper filings must cease. His status as a pro se inmate does not give him a blank check to clutter the docket or ignore the rules that apply to this case. *See Schenker v. Rowley*, No. 3:12-cv-00174-LRH-VPC, 2013 WL 321688, at *3-4, 5-6 (D. Nev. Jan. 28, 2013).

Thus, the Court reminds Plaintiff that he, and anyone assisting him and filing documents on his behalf, is obligated to follow the Federal Rules of Civil Procedure, the Local Rules for the District of Nevada, and General Order No. 2021-05, which sets forth certain requirements and limitations for filings in Pro Se Inmate Non-Habeas Civil Rights cases. Finally, Plaintiff is cautioned that should he persist in failing to follow rules of the Court or General Order 2021-05 by continuing to file frivolous motions and other improper filings, he may be subject to sanctions.

Finally, Plaintiff filed a motion for issuance of summons regarding service of Defendant Grazzini. (ECF No. 58.) However, Defendants filed their notice of acceptance of service on behalf of Grazzini shortly after the motion was filed, effectively mooting the motion. (ECF No. 59.)

Consistent with the above, Plaintiff's Motion for Partial Reconsideration, (ECF No. 57,) is **DENIED**. Further, Plaintiff's Motion for Issuance of Summons, (ECF No. 58), is **DENIED as moot**.

**DATED**:  March 28, 2024 .

UNITED STATES MAGISTRATE JUDGE

2